UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

F.L. CRANE & SONS, INC.                                                PLAINTIFF

V.                           CIVIL ACTION NO. 4:08CV113 DPJ-JCS

IKBI, INC.                          DEFENDANT/THIRD PARTY PLAINTIFF

V.

KELLOGG BROWN & ROOT SERVICES, INC.         THIRD PARTY DEFENDANT

ORDER

This breach of contract action is before the Court on the motions [5, 7] of Plaintiff F.L. Crane & Sons, Inc. ("Crane") and Defendant/Third Party Plaintiff IKBI, Inc. ("IKBI") to remand this case to the Circuit Court of Neshoba County, Mississippi pursuant to 28 U.S.C. § 1447. Third Party Defendant Kellogg Brown & Root Services, Inc. ("Kellogg") has responded in opposition and has sought leave to file a surrebuttal [16]. The Court, having fully considered the memoranda and submissions of the parties, along with the pertinent authorities, finds that the motion to file surrebuttal is granted but that the motions to remand are likewise granted.

I.      Facts and Procedural History

In 2005, Kellogg was hired to repair Hurricane Katrina related damage to the Naval Air Station in New Orleans, Louisiana. Kellogg subcontracted a part of the contract to IKBI, which then subcontracted with Crane. Upon completion of Crane's obligation, IKBI failed to pay Crane approximately $690,000, prompting Crane to file this breach of contract action in state court. IKBI answered the Complaint, insisting that its failure to pay Crane resulted from Kellogg's failure to pay IKBI. Crane and IKBI thereafter agreed that Crane would relinquish its claims

against IKBI if IKBI pursued a claim against Kellogg. Accordingly, IKBI filed a third-party complaint against Kellogg, which Kellogg removed to this Court pursuant to 28 U.S.C. § 1441, based on diversity of citizenship.[1] Crane and IKBI have both moved to remand the case to state court, contending *inter alia* that Kellogg as a third-party defendant is not entitled to remove under 28 U.S.C. § 1441(a).

II. Analysis

    A. Removal by a Third-Party Defendant

"[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). The removal statute is to be strictly construed, and any doubts about the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Section 1441(a), which allows for removal of a case from state court where diversity of citizenship exists, provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant* or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(Emphasis added).

Here, the issue is whether a third-party defendant such as Kellogg may remove a case based on diversity jurisdiction. The general rule is that they may not. *See Huntsman Corp. v.*

---

[1] In its notice of removal, Kellogg represented that jurisdiction was based on 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question), but in its response to the motions to remand, Kellogg conceded that federal question jurisdiction is lacking. Kellogg's Response at 1 n.1.

2

*Int'l Risk Ins. Co.*, Civil Action No. H-08-1542, 2008 WL 4453170, at *3-4 (S.D. Tex., Sept. 26, 2008) (discussing the majority view that third-party defendants are not "defendants" within the meaning of § 1441(a)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding that a counter-defendant was not a "defendant" for purposes of § 1441); *Avis Rent A Car Sys., Inc.*, No. Civ. A. G-05-469, 2008 WL 2850248, at *3 (S.D. Tex. Oct. 31, 2005) ("[T]he overwhelming majority view is that third-party defendants are not 'defendants' [within] the meaning of that term as it is used in § 1441(a), and may not remove an action from state court.") (citing *Shamrock Oil*, *supra*).

The Fifth Circuit Court of Appeals recognized a limited exception to this rule in *Central of Georgia Railway Co. v. Riegel Textile Corp.*, holding that removal is proper where the state trial court has severed the third-party defendant's claim from the main demand prior to removal. 426 F.2d 935 (5th Cir. 1970) (affirming denial of remand). Kellogg now urges the Court to further extend the exception found in *Riegel* and apply it in the context of this dispute. Kellogg claims that such a holding would be analogous to the decision reached in *Johns, Pendelton & Associates v. Miranda, Warwick & Milazzo*, where the district court allowed a third-party defendant to remove under § 1441(a) because the original claim had been settled *and dismissed* prior to removal. No. Civ. A. 02-1486, 2002 WL 31001838, at *4 (E.D. La. Sept. 4, 2002).

In both *Riegel* and *Johns*, the original plaintiffs were severed or dismissed prior to removal. As such, the courts were no longer concerned with preserving the plaintiffs' choice of forum. *Riegel*, 426 F.2d at 938 ("Where removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's position is as much a 'defendant' as if an original action had been brought against him.") (quoted in *Johns*,

2002 WL 31001838, at *3). Here, Crane and IKBI reached a settlement agreement, but unlike *Johns*, the settlement is conditional, IKBI's claim against Kellogg was not severed, and Crane (the original plaintiff) remains a party to this suit post-removal. This eliminates the rationale relied upon in both *Riegel* and *Johns*, and the Court declines to extend those holdings in this context.[2]

In reaching this decision, the Court follows other district courts within the Fifth Circuit that have granted remand where the third-party complaint had not been severed (*Riegel* exception) or the main claim had not been dismissed (*Johns* exception). *See Scheurich v. Agrico Chem. Co.*, Civil Action No. 08-151-C, 2008 WL 4298449, at *3 (M.D. La. Sept. 16, 2008) (finding neither exception applied and granting remand where, *inter alia*, main claim had been settled prior to removal, but settlement had not been finalized and claim had not been dismissed); *Conoco-Phillips Co. v. Turner Indus. Group, L.L.C.*, No. Civ. A. G-05-516, 2006 WL 213956, at *2 (S.D. Tex. Jan. 24, 2006) (granting remand where third-party complaint had not been severed and "declin[ing] to expand the exception from *Riegel*"); *Avis*, 2005 WL 2850248, at *4 (granting remand where third-party complaint had not been severed).[3]

---

[2] It is worth noting that *Johns* is an unpublished district court opinion that has never been expressly followed. Nevertheless, there is no need to decide whether to follow the *Johns* analysis because the case is factually distinguishable.

[3] In addition to *Riegel* and *Johns*, Kellogg relies on *Riddley v. Walgreen Co.*, in which District Judge Tom S. Lee noted the *Riegel* and *Johns* exceptions to the rule that the right to remove does not extend to third-parties. 549 F. Supp. 2d 806, 809 n.5 (S.D. Miss. 2008). *Riddley* is of little value in the present case because the discussion of *Riegel* and *Johns* appeared in dicta and in a factually distinguishable context.

The Court must strictly construe the removal statues resolving any doubts in favor of remand. *See Gasch*, 491 F.3d at 281. Accordingly, the Court declines Kellogg's invitation to expand the limited exception identified in *Riegel* and finds that removal was not proper.

B.  Realignment of the Parties

As a parallel argument, Kellogg asks the Court to re-align the parties because IKBI and Crane want the same thing – for IKBI to recover from Kellogg. District Judge Lee H. Rosenthal thoroughly addressed this issue in a well-reasoned opinion entered last year. *Huntsman,* 2008 WL 4453170, at *4-8. Judge Rosenthal noted that "[c]ourts have expressed doubt as to whether re-alignment may be used to allow a third-party defendant to remove." *Id.* at *4 (finding realignment, even if permissible, was inappropriate under the facts presented and denying remand based on presence of federal question under § 1441(c)). The court observed,

> After reviewing the cited authorities and conducting an independent search for relevant case law, this court concludes that while there is authority supporting both the proposition that realignment may be used to satisfy diversity jurisdiction in removed actions and the proposition that realignment is not appropriate when diversity was not present when the action was removed, the trend in this circuit disapproves of using realignment after removal to cure a defect in removal jurisdiction. In addition, the cases disapprove of using realignment to allow a third-party defendant to remove on diversity grounds. . . . Using realignment both to avoid the statutory limit on the parties able to remove and the jurisdictional limit on removal is a far cry from resolving all doubts against removal. Such a procedure was disapproved in *Avis Rent a Car*, 2005 WL 2850248, at *3-4. The recent case law disapproving of realigning parties to supply removal jurisdiction and to enable third-party defendants to remove is persuasive and weighs against extending such uses of realignment to this case, in which third-party defendants seek realignment to bring themselves within the scope of section 1441(a) and to create diversity jurisdiction.

*Id.* at *7 (other citations omitted). The Court finds Judge Rosenthal's analysis similarly persuasive. As such, the Court declines to accept Kellogg's invitation to use realignment to

allow a third-party defendant to remove on diversity grounds. Moreover, even if realignment was permissible, the Court finds that the facts of this case do not support its application, in that Crane reached only a conditional settlement with IKBI, reserving its right to pursue the breach of contract claim against IKBI.

III.     Conclusion

Based on the foregoing, the Court finds that Crane and IKBI's motions to remand should be granted. Kellogg's motion to file a sur-rebuttal is granted as the Court did consider, but declined to adopt, the arguments therein stated. This case is remanded to the Circuit Court of Neshoba County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE